NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICK PRASTOS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>TRAVELERS INSURANCE COMPANIES (d/b/a Standard Fire Insurance Company),<br><br>　　　　　　　Defendant. | Civil Action No. 2:13cv2546 (SRC)(CLW)<br><br>**OPINION & ORDER** |

　　**THIS MATTER** comes before the Court upon motion by Plaintiff Nick Prastos ("Plaintiff") seeking an order to compel an appraisal as well as a stay of proceedings pending the appraisal. The Court declined to hear oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.

　　On April 22, 2013, Plaintiff filed suit against Defendant "asserting a [breach of contract] claim arising out of the 2012 storm known as 'Hurricane Sandy.'" (Complaint, ECF No. 1.) Plaintiff claims that Defendant failed to cover Plaintiff's property damage pursuant to the Standard Flood Insurance Policy ("SFIP" or "Policy") that Defendant issued to Plaintiff. Id. Plaintiff accordingly seeks "compensatory damages, prejudgment interest, and such further relief as the Court may deem just and proper." Id.

　　The instant dispute concerns whether and when a party may demand an appraisal in light of the Policy terms and Federal Emergency Management Agency ("FEMA") directives. On October 30, 2014, Plaintiff demanded an appraisal under the Policy and, on November 7, 2014, Defendant objected. (ECF No. 28, Exhibits A-B.) On November 12, 2014, Plaintiff filed his motion, in which he asks this Court "to compel [Defendant] to participate in an appraisal of the disputed loss, and for a stay of the action pending such appraisal." (ECF No. 28.) On November

26, 2014, Defendant filed its opposition to Plaintiff's motion. (ECF No. 31.) The parties agree that disputes exist as to both the scope and value of the loss. Plaintiff, however, maintains that the Court need not resolve all outstanding issues "when there are disputes over both scope and value" of a claim, that an appraisal may move forward as to value, and that the Court thereafter may dispose of "whatever discrete legal issues" remain. Defendant counters that "the use of the appraisal process in th[e] fashion [proposed by Plaintiff] is expressly prohibited as a matter of law." Defendant argues that the terms of the Policy confine appraisal to disputes regarding "actual cash value" and thus prohibit appraisal where, as here, disputes remain as to both the scope and value of the loss. Defendant further cites FEMA Bulletin W-13029 ("FEMA Bulletin") for this proposition.

The FEMA Bulletin, issued on May 15, 2013, concerns "Proper Invocation and Usage of the Appraisal Clause Provisions in the Standard Flood Insurance Policy" and provides, in pertinent part:

> If the insured and insurer cannot agree on the scope of loss, then the Appraisal provision cannot be invoked. This means that a claim cannot be partially resolved by the Appraisal process and partially resolved by other means (such as an appeal to FEMA or through litigation). Appraisal can only be used when it will result in a complete resolution of the entire claim.
> [. . .]
> Appraisal cannot be used as a means to resolve some issues and not others because of the necessity of having an agreed-to scope of loss before invoking the clause. This means that Appraisal would only be available after a lawsuit is filed if it would result in a resolution of all claims of the insured and a dismissal of the lawsuit.

The FEMA Bulletin plainly applies to the instant dispute, as the parties acknowledge that disputes exist as to both the scope and value of the loss and, if ordered, an appraisal would not result in a complete resolution of the entire claim. Importantly, FEMA's guidelines are "given controlling weight unless [they are] plainly erroneous or inconsistent with the regulation." Worthen v. Fid. Nat'l Prop. & Cas. Ins. Co., 463 F. App'x 422, 426 (5th Cir. 2012) (internal

quotations omitted) (quoting Stinson v. United States, 508 U.S. 36, 45 (1993)); see also Hower v. Fed. Emergency Mgmt. Agency, 2004 WL 2577503, at *2 (E.D. Pa. Oct. 20, 2004) (finding FEMA regulations not to be arbitrary, capricious, or manifestly contrary to the statute and therefore affording the regulations controlling weight).

The Court finds no infirmity with the pertinent portions of the FEMA bulletin, nor does Plaintiff offer authority to support such a finding. The FEMA Bulletin, therefore, forecloses appraisal under the circumstances presented, i.e., where disputes remain as to both the scope and value of the loss. The Court is mindful of Plaintiff's desire to resolve some issues in this case. The terms of the Policy and the FEMA Bulletin, however, counsel against such a route and the Court finds that it would be impractical to address the issues in piecemeal fashion and in direct contravention of the FEMA Bulletin. Plaintiff's motion to compel appraisal accordingly is denied and his request for a stay is denied as moot since the request was contingent upon an appraisal.

**ACCORDINGLY, IT IS** on this 10th day of March, 2015,

**ORDERED** that Plaintiff's motion to compel appraisal and for a stay is **DENIED**; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 28.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**